Tamisha Latimore
P.O. Box 6622
Richmond, CA 94801
Tel: (510) 543-1159
Email: Tamisha.Latimore@gmail.com

Pro Se Plaintiff

**FILED**

FEB 08 2023

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

IFP
NP
480
Deck 99

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

TAMISHA LATIMORE,

    Plaintiff,

vs.

TRANS UNION, LLC

    Defendant.

Case Number: C23-00569

**COMPLAINT FOR DAMAGES:**

1. VIOLATION OF THE FAIR CREDIT REPORTING ACT;
2. VIOLATION OF CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

**JURY TRIAL DEMANDED**

Plaintiff TAMISHA LATIMORE (hereinafter referred to as *"Plaintiff"*) proceeding pro se, brings this Complaint against TRANS UNION, LLC. (hereinafter referred to as *"Defendant"* or *"Trans Union"*), seeking actual, statutory and punitive damages against Defendant for violations of the Fair Credit Reporting Act, 15 U.S.C § 1681 et seq. (hereinafter "FCRA") and the California Consumer Credit Reporting Agencies Act (hereinafter "CCCRAA"). Plaintiff, respectfully sets forth, complains and alleges, upon information and belief, the following:

### JURISDICTION AND VENUE

1. Jurisdiction of this court arises under 15 U.S.C § 1681(p) and 28 U.S.C § 1331.

2. Venue in this District is proper pursuant to 28 U.S.C. 1391(b)(2) because a substantial part of events giving claim occurred in the city of Richmond, Contra Costa County, State of California as Trans Union conducts business in this District and 28 U.S.C. 1391(c)(1) because Plaintiff resides in this District.

FILED

FEB 08 2023

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

3. Intradistrict Assignment to the Oakland Division of this Court is appropriate pursuant to Civil Local Rule 3-2(d) because a substantial part of the acts and transactions occurred in Contra Costa County.

4. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Trans Union's violations of 15 U.S.C. § 1681 et seq., commonly know as the Fair Credit Reporting Act ("FCRA") and the California Consumer Credit Reporting Agencies, California Civil Code § 1785.25(a).

## PARTIES

5. Plaintiff is a natural person residing in Richmond, Contra Costa County, California.

6. At all times, Plaintiff was a "consumer" as defined by the FCRA, 15 U.S.C § 1681a, (b) and (c).

7. Trans Union is a Delaware corporation, doing business in the State of California as a consumer reporting agency as defined by 15 U.S.C § 1681a(f) and conducts substantial and regular business activities in this judicial district. Trans Union is registered to do business in the State of California, and may be served with process upon The Prentice-Hall Corporation System, Inc., its registered agent for service of process at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833.

8. At all times material here to, Trans Union is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C § 1681a(d) to third parties.

9. At all times material here to, Trans Union disbursed such consumer reports to third parties under a contract for monetary compensation.

## FACTUAL ALLEGATIONS

10. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs of this Complaint as though fully state herein.

11. On or about April 20, 2022, Plaintiff sent a written dispute to Trans Union, a consumer reporting agency, disputing the completeness and/or accuracy of the information being reported on her consumer credit report.

12. On or about November 13, 2022, Plaintiff sent a written dispute to Trans Union, a consumer reporting agency, disputing the completeness and/or accuracy of the information being reported on her consumer credit report.

13. On or about January 4, 2023, Plaintiff applied for a credit card with Wells Fargo Bank and was denied favorable credit terms based off information being reported by Trans Union.

14. On or about January 5, 2023, Plaintiff applied for a credit card with Navy Federal Credit Union and was denied credit based off information being reported by Trans Union.

15. On or about January 21, 2023, Plaintiff applied for a credit card with Bank of America and was denied credit based off information being reported by Trans Union.

16. On or about February 4, 2023, Plaintiff applied for a credit card and line of credit with Bank of the West and was denied credit based off information being reported by Trans Union.

17. Trans Union has willfully, recklessly and negligently failed to comply with the FCRA and Metro 2 with the reported information, including but not limited to:

   a) The failure to follow reasonable procedures to assure the maximum possibly accuracy of the information reported:
   b) The failure to correct erroneous personal information regarding the Plaintiff after reasonable request by the Plaintiff;
   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after reasonable request by the Plaintiff;
   d) The failure to promptly and adequately investigate information which Trans Union had notice was inaccurate;
   e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;
   f) The failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

18. As a result of the conduct, action and inaction of Trans Union, the Plaintiff suffered actual damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

19. The conduct, action and inaction of Trans Union was willful rending Trans Union liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C § 1681(n).

## COUNT I

### (Willful Violation of Fair Credit Reporting Act)

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs of this Complaint as though fully state herein.

21. This is an action of willful violation of the FCRA, 15 U.S.C. § 1681 et seq.

22. Trans Union violated 15 U.S.C. § 1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Trans Union maintained concerning the Plaintiff.

23. Trans Union willfully violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

24. Trans Union recklessly failed to comply with the Act. The failure of Trans Union to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which Trans Union had notice was inaccurate;

e) The continual placement of inaccurate information into the Plaintiff's credit report after being advised by the Plaintiff that the information was inaccurate;

f) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete.

25. As a result of the conduct, action and inaction of Trans Union, the Plaintiff suffered actual damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

26. The conduct, action and inaction of Trans Union was willful rendering them liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n).

## COUNT II

### (Negligent Violation of Fair Credit Reporting Act)

27. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs of this Complaint as though fully state herein.

28. This is an action for negligent violation of the FCRA, 15 U.S.C. § 1681 et seq.

29. Defendant negligently violated 15 U.S.C. § 1681(e)(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Trans Union maintained concerning the Plaintiff.

30. Trans Union violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

31. Trans Union has negligently failed to comply with the Act. The failure of Trans Union to comply with the Act include but are not necessarily limited to the following:

a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Trans Union had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete;

g) The failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the Plaintiff.

32. A consumer reporting agency's reasonable reinvestigation must be a good faith effort to ascertain the truth; a reasonable investigation must answer the substance of the consumer's dispute, and may not merely be a *pro forma* record review that simply begs the question.

33. In order to conduct a reasonable reinvestigation, and pursuant to 15 U.S.C. § 1681i(a)(4), Trans Union was required to review and consider all relevant information submitted by Plaintiff.

34. Plaintiff's dispute was clear and unambiguous as to the inaccuracies of Trans Union's reporting.

35. Plaintiff provided all relevant information necessary for Trans Union to reinvestigate and correct the inaccuracies in its reporting.

36. Trans Union breached its duties as described herein.

37. If Trans Union had conducted a reasonable reinvestigation of Plaintiff's dispute, Trans Union would have reviewed and considers all the information Plaintiff submitted in the dispute letter, and would have easily detected that what was being reported was factually incorrect, inaccurate and misleading.

38. If Trans Union had conducted a reasonable reinvestigation of Plaintiff's dispute, the tradelines on Plaintiff's Trans Union consumer report would have been appropriately corrected.

39. Due to Trans Union's failures to follow reasonable procedures to assure maximum possible accuracy of information, and failures to conduct a reasonable reinvestigation of Plaintiff's dispute, the false and misleading information in Plaintiff's credit file and on Plaintiff's Trans Union report was not appropriately modified.

40. Trans Union had all the information necessary to correct its reporting. Yet, Trans Union failed to correct the information in the face of clear evidence that its reporting was false and misleading. The failure indicates that Trans Union's review procedures were not reasonable.

41. The fact that Trans Union has all the information necessary to correct its reporting, yet failed to do so in an appropriate and timely manner, further indicates that Trans Union recklessly disregarded Plaintiff's dispute and the requirement of the FCRA, amounting to a willful violation of the stature, or at the very least, negligently.

42. As a result of the conduct, action and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

43. The conduct, action and inaction of Trans Union was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

## COUNT III

### (Violation of California Consumer Credit Reporting Agencies Act)

44. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs of this Complaint as though fully state herein.

45. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

46. As a result of each and every negligent violation of the CCCRAA, Plaintiff is entitled to damages as the Court may allow pursuant to California Civil Code § 1785.31(a) from Trans Union.

47. As a result of each and every willful violation of the CCCRAA Plaintiff is entitled to damages as the Court may allow pursuant to California Civil Code § 1785.31(a)(2) against Trans Union, including punitive damages of $100-$5,000 per willful violation.

## DEMAND FOR TRIAL BY JURY

48. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues within this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, Tamisha Latimore respectfully requests for judgment against the Defendant for actual, statutory and punitive damages in the amount of $5,000, to date and all future costs of this suit. Due to Defendant's conduct, Plaintiff has suffered personal and financial damages, therefore, Defendant is liable to Plaintiff for the following:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681(o)(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d) For punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just, equitable and proper.

Dated: February 8, 2023

TAMISHA LATIMORE

By: */s/ Tamisha Latimore*

Without Prejudice
Tamisha Latimore
P.O. Box 6622
Richmond, CA 94801
Tel: (510) 543-1159
Tamisha.Latimore@gmail.com
Plaintiff (pro se)

## CERTIFICATE OF SERVICE

I, Tamisha Latimore, hereby certify that on the 8th day of February 2023, I served or caused to be served the foregoing document via U.S. Mail on the following:

Trans Union, LLC
c/o The Prentice-Hall Corporation System, Inc.
2710 Gateway Oaks Dr. Suite 150N
Sacramento, CA 95833